EARTH RESOURCES COMPANY OF ALASKA, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION and United States of America, Respondents,

Sohio Pipe Line Company, Arco Pipe Line Company, Exxon Pipeline Company, and BP Pipelines, Inc., Intervenors.

EARTH RESOURCES COMPANY OF ALASKA, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Arco Pipe Line Company and BP Pipelines, Inc., Intervenors.

EARTH RESOURCES COMPANY OF ALASKA, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

Nos. 79–1241, 79–1536 and 79–1537.

United States Court of Appeals, District of Columbia Circuit.

Argued May 16, 1980.

Decided June 23, 1980.

---

Marc J. Fink, Washington, D. C., with whom Jacob P. Billig, Washington, D. C., was on brief, for petitioner.

George H. Williams, Jr., Atty., Federal Energy Regulatory Commission, Washington, D. C., with whom Howard E. Shapiro, Sol., Federal Energy Regulatory Commission, Washington, D. C., was on brief, for respondents. Robert B. Nicholson and Robert Lewis Thompson, Attys., Dept. of Justice, Washington, D. C., also entered appearances for respondents.

John Lansdale and Charles M. Carron, Washington, D. C., were on brief, for intervenor Sohio Pipe Line Co.

Robert E. Jordan, III, Steven H. Brose, and Timothy M. Walsh, Washington, D. C., were on brief, for intervenor Arco Pipe Line Co.

Richard J. Flynn and Stephen S. Hill, Washington, D. C., were on brief, for intervenor Exxon Pipeline Co.

Quinn O'Connell and R. Brian Corcoran, Washington, D. C., were on brief, for intervenor BP Pipelines, Inc.

Before WRIGHT, Chief Judge, MacKINNON, Circuit Judge, and PENN,* District Judge.

Opinion for the court per curiam.

PER CURIAM:

In light of our decision today in *Papago Tribal Utility Authority v. FERC*, 628 F.2d 235, D.C.Cir. 1980, we hold that this case does not present a reviewable final order of the Commission. Under Section 502(a) of the Department of Energy Organization Act, 42 U.S.C. § 7192(a) (Supp. II 1978), this court has the same jurisdiction to review FERC orders concerning oil pipelines as it has to review orders of the Interstate Commerce Commission under 28 U.S.C. §§ 2321, 2342 (1976). The final order doctrine applicable to these statutes is identical to the finality doctrine under 16 U.S.C. § 825*l* (1976), the jurisdictional statute in *Papago*.

The petition for review in this case is therefore

*Dismissed.*